IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL SEVENS MARTINEZ,

    Plaintiff,

  v.                                                                                                  No. CIV 10-0478 MCA/ACT

CORNELL CORRECTIONAL CORPORATION,
WARDEN MORTON,
ASSISTANT WARDEN MASSENGILL,
CHIEF OF SERCUITY [sic] J. SPRUNK,
LT. MOODY,
LT. MITCHELL,
REC. OFFICER LUNA,

    Defendants.

MEMORANDUM OPINION AND ORDER

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint. Also before the Court are Plaintiff's motions for discovery (Docs. 5, 8). Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The events giving rise to this complaint occurred in 2008 while Plaintiff, a federal prisoner, was in special housing at a correctional facility in Albuquerque, New Mexico, operated by Cornell Correctional Corporation ("CCC"). The complaint alleges that Plaintiff was allowed to be in the recreation yard with another inmate who had "already killed someone and was in maximum isolation." The other inmate stabbed Plaintiff and bit one of his ears, inflicting serious injuries. Plaintiff was soon transferred to another correctional facility. Plaintiff contends that Defendants' failure to protect him from the other inmate violated a number of his constitutional protections. The complaint seeks damages.

The complaint's central allegation is that Defendants Sprunk, Moody, Mitchell, and Luna "knownly [sic], willingly and intentionally placed me with a dangerous and violate [sic] Inmate." Plaintiff makes no allegations against Defendants CCC, Morton, and Massengill except to describe them as employer and supervisors. These allegations against Defendants CCC, Morton, and Massengill do not affirmatively link them to Plaintiff's asserted claims. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). To succeed on a federal civil rights complaint, a plaintiff must allege some personal involvement by Defendants in the constitutional violation. *See Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). A civil rights action against a correctional official may not be based solely on a theory of respondeat superior liability for the actions of workers supervised by the official. *See id.* The Court will dismiss Plaintiff's claims against Defendants CCC, Morton, and Massengill.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendants Cornell

Correctional Corporation, Morton, and Massengill are DISMISSED; and Defendants Cornell Correctional Corporation, Morton, and Massengill are DISMISSED as parties to this action;

IT IS FURTHER ORDERED that Plaintiff's motions for discovery (Docs. 5, 8) are DENIED without prejudice at this time pending responses from Defendants;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with copies of the complaint, for Defendants Sprunk, Moody, Mitchell, and Luna.

_____
UNITED STATES DISTRICT JUDGE